**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASOPURU OKEMGBO, | No.  14-35206 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-05119-TOR |
| v. | |
| WASHINGTON STATE DEPARTMENT OF ECOLOGY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted September 13, 2016[**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Asopuru Okemgbo appeals pro se from the district court's summary

judgment in his employment action alleging Title VII and First Amendment

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment on Okemgbo's Title VII discrimination claim because Okemgbo failed to raise a genuine dispute of material fact as to whether defendant's proffered legitimate, nondiscriminatory reason for terminating his employment was pretextual. *See id.* at 640-42 & 640 n.5 (setting forth the burden shifting framework for Title VII employment discrimination claims).

The district court properly granted summary judgment on Okemgbo's First Amendment claim because Okemgbo failed to establish a genuine dispute of material fact as to whether defendant violated his constitutional rights. *See Nichols v. Dancer*, 657 F.3d 929, 932-33 (9th Cir. 2011) (setting forth test for evaluating free speech claim in the public employment context); *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1392-93 (9th Cir. 1994) (setting forth test for free exercise claim in the public employment context).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-35206